IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CALVIN HYDER<br>    TDCJ-CID #458495 | §<br>§<br>§ | |
| v. | § | C.A. NO. C-08-350 |
| | § | |
| TEXAS BD. OF PARDONS &<br>PAROLES | §<br>§<br>§ | |

### MEMORANDUM AND RECOMMENDATION TO DISMISS ACTION

Texas state prisoner Calvin Hyder filed this civil action, which he characterized as a common-law alternative writ. (D.E. 1). He also filed a motion to pay a partial filing fee and monthly payments. (D.E. 2).

### Three Strikes Rule

Prisoner civil rights actions are subject to the provisions of the Prison Litigation Reform Act, including the three strikes rule, 28 U.S.C. § 1915(g). The three strikes rule provides that a prisoner who has had, while incarcerated, three or more actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted is prohibited from bringing any more actions or appeals *in forma pauperis*. 28 U.S.C. § 1915(g); Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998); Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). The three strikes rule provides an exception permitting prisoners who are

under imminent danger of physical harm to proceed without prepayment of the filing fee. 28 U.S.C. § 1915(g).

## Analysis

Plaintiff has had at least three prior actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted. See Hyder v. Davis, et al., 2:95cv609 (S.D. Tex. July 8, 1996); Hyder v. Figueroa, et al., 4:97cv3734 (S.D. Tex. June 8, 1999); Hyder v. U.S. Attorney, et al., 4:99cv1211 (S.D. Tex. May 20, 1999). Plaintiff is now barred from filing a civil suit unless he is in imminent danger of physical injury.

In this action, plaintiff asserts that his action is against the Texas Board of Pardons and Paroles. (D.E. 10, at 1); see also (D.E. 1, at 1). Moreover, he denies that he is seeking habeas relief, but instead maintains that he has filed a common-law alternative writ. (D.E. 10, at 1); see also (D.E. 1, at 1). Specifically, he complains that the Texas Board of Pardons and Paroles is committing fraud. (D.E. 1, at 1). He claims defendant incorrectly informed him that mandatory supervision is not available to him. Id. He argues that defendant is violating his human rights.

This Court must assess whether plaintiff is exposed to imminent danger of serious injury at the time that he filed his motion. Choyce v. Dominguez, 160 F.3d 1068, 1071 (5th Cir. 1998) (per curiam) (citing Banos, 144 F.3d at 884-85).

Plaintiff has not alleged any facts to suggest that he is in imminent danger of physical injury.

### **Recommendation**

Plaintiff has lost the privilege of proceeding *in forma pauperis*, and he has failed to allege that he is in imminent danger of physical harm. Accordingly, it is respectfully recommended that plaintiff's motion to pay a partial filing fee and monthly payments, (D.E. 2), be denied and that this action be dismissed without prejudice. Furthermore, it is respectfully recommended that plaintiff be permitted to move to reinstate the lawsuit, but only if the $350.00 filing fee is paid simultaneously with the motion to reinstate within twenty days of the entry of final judgment.

Respectfully submitted this 10th day of November 2008.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).