IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CALVIN HYDER | § | |
|     TDCJ-CID #458495 | § | |
| V. | § | C.A. NO. C-08-350 |
| | § | |
| BOARD OF PAROLES | § | |

**ORDER ADOPTING RECOMMENDATION**
**AND DISMISSING CASE**

By Memorandum and Recommendation entered November 10, 2008, the magistrate judge recommended that the Court deny Calvin Hyder's motion to proceed *in forma pauperis,* and dismisses this action without prejudice. (D.E. 12). Hyder has filed objections to the recommendation. (D.E. 14).

Having considered the recommendation and Hyder's objections, and having conducted a *de novo* review of the contested issues, the Court adopts the recommendation and dismisses Hyder's case without prejudice.

**I.    Background.**

Calvin Hyder is a Texas state prisoner currently incarcerated at the Teldford Unit in New Boston, Texas.  On October 22, 2008, he filed a letter alleging that the Board of Paroles was committing fraud by refusing to consider him eligible for mandatory supervised release.  (D.E. 1). Hyder also filed a motion for leave to pay an initial partial filing fee and the balance of the fee in monthly payments, which was construed as a motion to proceed *in forma pauperis* (i.f.p.).  (D.E. 2).

By order entered November 4, 2008, Hyder's letter was construed as a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254, and he was instructed to re-file his pleading on the proper § 2254 form.  (D.E. 8).  On November 7, 2008, Hyder filed a motion to amend pleadings

stating that he did not want to bring a habeas corpus action, but instead, was seeking to sue the Board of Paroles. (D.E. 10). Hyder's motion for leave to amend was granted. (D.E. 11).

On November 10, 2008, the magistrate judge recommended that Hyder's motion to proceed i.f.p. and pay the fee in installments be denied, and his complaint dismissed without prejudice. (D.E. 12). The magistrate judge noted that Hyder is a three-strikes litigant as that term is defined in 28 U.S.C. § 1915(g), having had at least at least three actions dismissed as frivolous or for failure to state a claim, such that he has lost the privilege of proceeding i.f.p. Id. In addition, the magistrate judge found that plaintiff had failed to allege an exception to the three-strikes bar because he failed to show that he was under imminent danger of serious physical injury. Id.

On November 19, 2008, Hyder filed objections to the recommendation. (D.E. 14).

**II.     Discussion.**

Hyder objects to the magistrate judge's recommendation to deny him leave to proceed i.f.p. arguing that his proposal, to pay an initial fee and installments over time, is ***different*** than proceeding i.f.p., and that his 3-strikes record does not prevent him from paying the fee in such installments. (D.E. 14). However, Hyder's argument is a distinction without a difference. Pursuant to 28 U.S.C.

§ 1915(b)(1), ***all*** prisoners must pay the ***full*** filing. The privilege of proceeding i.f.p. is an opportunity to file the lawsuit without payment of the full fee , and to pay the remainder of the full fee over time. Id. That is, to proceed i.f.p. as a prisoner means to pay the filing fee over time, and a 3-strikes prisoner, such as Hyder, has lost that privilege and may not take advantage of installment payments, unless he meets the imminent danger exception.

As noted by the magistrate judge, Hyder failed to allege imminent danger, and in his objections, he offers no argument to refute that he is barred from proceeding i.f.p. Thus, the magistrate judge correctly construed Hyder's motion to pay the fee in installments as a motion to proceed i.f.p., and correctly recommended that it be denied.

**III. Conclusion.**

Plaintiff's objections to the recommendation are overruled. Plaintiff's application to proceed i.f.p. (D.E. 2) is denied and the lawsuit is dismissed without prejudice. Plaintiff may move to reinstate his lawsuit **within twenty (20) days from the date of entry of this order**, but only if the $350.00 filing fee is paid simultaneously with the motion to reinstate. Plaintiff is advised that, if he does not move to reinstate and pay the filing fee within the time proscribed, no extensions to reinstate will be granted.

SIGNED this 21st day of November, 2008.

_____
Janis Graham Jack
United States District Judge