UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CALVIN HYDER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-08-350 |
| | § | |
| BOARD OF PAROLES, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

On this day came on to be considered Plaintiff's Motion to Alter or Amend the Judgment pursuant to Federal Rule of Civil Procedure 59(e).  (D.E. 18.)  For the reasons discussed below, Plaintiff's motion is hereby GRANTED.

On November 21, 2008, the Court entered an order adopting the recommendation of the Magistrate Judge that Plaintiff's motion to proceed *in forma pauperis* be denied and that Plaintiff's case be dismissed without prejudice for failure to pay the filing fee.  (D.E. 16.)  The Court stated:

> Plaintiff may move to reinstate his lawsuit within twenty (20) days from the date of entry of this order, but only if the $350.00 filing fee is paid simultaneously with the motion to reinstate.  Plaintiff is advised that, if he does not move to reinstate and pay the filing fee within the time prescribed, no extensions to reinstate will be granted.

(Id. at 3.)

On December 2, 2008, Plaintiff filed a motion to alter or amend the judgment pursuant to Rule 59(e). (D.E. 18.)  Plaintiff argued that "a litigant may refile a complaint which was dismissed without prejudice any time within the statute of limitation."  (Id.)  The Court agrees that Plaintiff should be permitted to refile his claims at any point within the applicable statute of limitations period.  See, e.g., Winston v. Acting HHS Secy, C.A. No. 06-336, 2006 U.S. Dist. LEXIS 49553,

at *2 (W.D. Pa. July 20, 2006) (dismissing Plaintiff's claim without prejudice and ordering that "Plaintiff be permitted to refile this action within the applicable statute of limitations period"); Washington v. Greiger, 00 Civ. 2383 (RWS), 2001 U.S. Dist. LEXIS 2166, at *18 (S.D.N.Y. Mar. 1, 2001) ("[T]he habeas petition is dismissed without prejudice and with leave to refile within the statute of limitations period once state remedies have been exhausted"); Carter v. Prince George's County, 155 F.R.D. 128, 130 (D. Md. 1994) ("The Court observes that, if the present case is dismissed without prejudice, Plaintiff will still presumably be able to refile her case within the three-year statute of limitations."). Accordingly, Plaintiff's Motion to Alter or Amend the Judgment is GRANTED, and the portion of the Court's order requiring that Plaintiff reinstate his lawsuit within twenty (20) days is VACATED.

SIGNED and ORDERED this 23rd day of December, 2008.

_____
Janis Graham Jack
United States District Judge