IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CALVIN HYDER § | | |
|    TDCJ-CID #458495 § | | |
| v. § | | C.A. NO. C-08-350 |
| § | | |
| TEXAS BD. OF PARDONS & PAROLES § | | |

**MEMORANDUM AND RECOMMENDATION TO DENY PLAINTIFF'S
MOTION TO AMEND AND TO DISMISS FOR WANT OF PROSECUTION**

Plaintiff is a Texas state inmate incarcerated at the Telford Unit in New Boston, Texas. Pending is his motion to amend the complaint. (D.E. 23). Specifically, he seeks to amend his action as a common law writ of liberare. (D.E. 24). For the reasons stated herein, it is respectfully recommended that plaintiff's motion to amend be denied, and that this action be dismissed for want of prosecution.

### I. PROCEDURAL BACKGROUND

Plaintiff filed this action on October 22, 2008, styling it a petition for a "common law alternative writ." (D.E. 1). Specifically, he accused the Texas Board of Pardons and Paroles ("the Board") of committing fraud by refusing to place him on supervised release despite state records obligating them to do so. Id.

The action was construed as a habeas petition pursuant to 28 U.S.C. § 2254. (D.E. 8). On November 7, 2008, plaintiff filed a motion to amend his complaint,

explaining that his action was not a petition for writ of habeas corpus, but rather a "common law alternative writ" and clarifying that he considered such an action to be a civil lawsuit filed against the Board. (D.E. 10). That motion was granted. (D.E. 11).

On November 10, 2008, a memorandum and recommendation was issued recommending that plaintiff's action be dismissed without prejudice pursuant to the three strike rule in 28 U.S.C. § 1915(g) and that he be permitted to move to reinstate the lawsuit, but only if the $350.00 filing fee was paid simultaneously with the motion to reinstate within twenty days of the entry of final judgment. (D.E. 12). On November 19, 2008, plaintiff filed objections to the memorandum and recommendation. (D.E. 14). He contended that the three strike rule was being applied to him improperly because he was not seeking to proceed in forma pauperis, but was instead suggesting that he pay an initial partial filing fee followed by monthly installments to make up the balance. Id. On November 21, 2008, the Court issued an order adopting the recommendation and dismissing the action because the proposed payment schedule was, for all intents and purposes, a motion to proceed in forma pauperis. (D.E. 16). On November 25, 2008, final judgment was entered. (D.E. 17).

On December 2, 2008, plaintiff filed a motion to alter or amend the

judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.  (D.E. 18).  He argued that he should be able to "refile a complaint which was dismissed without prejudice any time within the statute of limitation."  Id.  The Court granted plaintiff's motion to alter or amend the judgment, vacating the requirement that he reinstate his lawsuit within twenty days.  (D.E. 20).

On August 23, 2010, plaintiff filed a letter-brief regarding his claim, arguing that his two sentences were being calculated improperly and that he was entitled to supervised release.  (D.E. 21).  It appeared that he was attempting to reinstate the action, but had not paid the filing fee.  Accordingly, he was ordered to correct the deficient pleading or show cause as to why the action should not be dismissed for want of prosecution.  (D.E. 22).  Plaintiff received the order to show cause on January 11, 2011.  (D.E. 25).

On January 18, 2011, plaintiff filed a motion to amend his petition and re-style it a "writ of liberare."  (D.E. 23).  His amended petition argues that his two convictions should be treated as one and that he should therefore be placed on supervised release.  (D.E. 24).

On April 23, 2010, plaintiff filed a separate action in this Court, styled, like his original filing in this action, a petition for a "common law alternative writ." Hyder v. Thaler, C-10-118 (S.D. Tex. 2010), at (D.E. 1).  In that action, he

likewise argued that his two sentences should run concurrently and that as a result the Board was required to place him on supervised release. Id. at 2. He relied upon the same two principal cases that he cited in his amended petition. Id. at 2; (D.E. 24, at 1) (Ex parte Bynum, 772 S.W.2d 113 (Tex. Crim. App. 1989) (en banc) (per curiam) and Ex parte Ruthart, 980 S.W.2d 469 (Tex. Crim. App. 1998) (per curiam)). After briefing by both parties, during which the State filed plaintiff's state court records, Magistrate Judge Janice Ellington construed the action as a habeas petition and recommended that it be dismissed without prejudice as second or successive, or, in the alternative, dismissed on the merits. Hyder v. Thaler, No. C-10-118, 2010 WL 5053923, at *1 (S.D. Tex. Sept. 23, 2010) (unpublished). She noted that if the action were dismissed as second or successive, plaintiff would be required to obtain authorization from the Fifth Circuit in order to reinitiate his claim. Id. at *3.

Plaintiff filed objections to the recommendation, arguing, among other things, that Magistrate Judge Ellington had misconstrued his action as a habeas petition pursuant to federal statute when it was in fact a "common law writ" that did "not derive from any statute or constitution." Hyder v. Board of Pardons & Paroles, C-10-118 (S.D. Tex. 2010), at (D.E. 19, at 2).

After reviewing plaintiff's objections, the Court adopted the

recommendation and dismissed the petition without prejudice as second or successive; it denied a certificate of appealability. Hyder v. Board of Pardons & Paroles, No. C-10-118, 2010 WL 5053922 (S.D. Tex. Dec. 3, 2010) (unpublished). Plaintiff filed a notice of appeal to the Fifth Circuit. Hyder v. Board of Pardons & Paroles, C-10-118 (S.D. Tex. 2010), at (D.E. 30). He also filed a motion for relief from judgment in this Court, reiterating his claims and elaborating a number of arguments grounded on federal habeas law. Id. at (D.E. 33). The appeal and motion for relief from judgment are both pending.

## II. DISCUSSION

**A.     Plaintiff's Motion To Amend His Complaint Should Be Denied.**

A search of case law reveals only one American judicial opinion, state or federal, discussing the "writ of liberare." Bank of Pennsylvania v. Wise, 3 Watts 394, 1834 WL 3394, at *4 (Pa. 1834) (Pennsylvania Supreme Court case referring to English legal doctrine concerning real estate transactions). Plaintiff does not elucidate the bearing this arcane doctrine has on his own case. In the absence of such an explanation, it is, to say the least, difficult to imagine its relevance.

In civil law, "liberare" means "[t]o set (a person) free." Black's Law Dictionary 1000 (9th ed. 2009). In the historical context, it means "[t]o deliver or transfer (a writ, etc.)" Id. A writ is "[a] court's written order ... commanding the

addressee to do or refrain from doing some specified act." Id. at 1747. Substantively, plaintiff seeks in his amended complaint the same relief he has sought in his various other petitions, namely, that he be granted supervised release. (D.E. 24). As with his original filing, which was construed as a habeas petition and then re-characterized as a civil lawsuit at plaintiff's behest, he continues to rely largely upon Texas state judicial opinions regarding the calculation of multiple sentences, as well as on elements of international human rights law. (D.E. 1, 24).

Much like the "writ of liberare," the "common law alternative writ," to the extent such a vehicle exists, does not appear to have any relationship to the claims enunciated by plaintiff. The only judicial decisions in which those words appear in sequence are either manifestly inapposite or other actions brought by plaintiff himself. See Karagan v. City of Mobile, 518 So.2d 744, 745 (Ala. Civ. App. 1987); People ex rel. Attractograph Co. v. Dietrich, 166 Ill. App. 201, 1911 WL 2999, at *2 (Ill. App. Ct. 1911); Hyder, 2010 WL 5053923, at *1.

In light of the lack of authority for plaintiff's chosen legal vehicle, the meaning of the words in his title, the nature of his claims, and the Court's previous ruling on his other, nearly identical, action, it is impossible to regard his petition for a "writ of liberare" as anything other than a petition for federal habeas corpus pursuant to 28 U.S.C. § 2254. As a result, it is clear that plaintiff is attempting to

6

relitigate an argument that has already been ruled upon by this Court and that the two actions are distinguished only by the headings of his filings. Although it is well-settled that res judicata and collateral estoppel do not apply in habeas proceedings, Hardwick v. Doolittle, 558 F.2d 292, 295 (5th Cir. 1977), this does not mean that plaintiff is entitled to rehash the same claim after dismissal solely because he has renamed it.

 The Federal Rules of Civil Procedure provide that "[a] party may amend its pleading once as a matter of course ... within 21 days after serving it, or ... if the pleading is one to which a responsive pleading is required, [within] 21 days after service of a responsive pleading." Fed. R. Civ. P. 15(a)(1). No responsive pleading has ever been filed in this case. Nevertheless, plaintiff has already amended his complaint once. (D.E. 10). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Because plaintiff amended his pleading once by right, and because defendant has not offered its consent, he requires the Court's leave to amend a second time.

 Determining when justice requires permission to amend rests within the discretion of the trial court. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971) (citation omitted); Little v. Liquid Air. Corp., 952 F.2d 841,

7

846 (5th Cir. 1992) (citations omitted). The granting of such leave is not automatic. Addington v. Farmer's Elevator Mut. Ins. Co., 650 F.2d 663, 666 (5th Cir. Unit A July 1981) (citing Layfield v. Bill Heard Chevrolet Co., 607 F.2d 1097, 1099 (5th Cir. 1979) (per curiam)). In exercising its discretion in considering a motion to amend a complaint, the district court may consider, among other factors, the amendment's futility, undue delay, bad faith, dilatory motive, and repeated failure to cure deficiencies by previously allowed amendments. Jones v. Robinson Property Group, L.P., 427 F.3d 987, 994 (5th Cir. 2005) (citation omitted).

All of these factors weigh against plaintiff. First, the amendment would be futile because the exact argument articulated in the amended complaint has already been dismissed by the Court and plaintiff has presented no reason to expect a different outcome now. Second, he has waited more than three years after the filing of his initial complaint (and more than three years after the filing of his first amended complaint) to make this motion, a lengthy delay for which he has offered no excuse.

Third, although plaintiff has perhaps not shown bad faith per se, his sincerity is certainly questionable given the fashion in which he has litigated his claims. In particular, plaintiff's decision to amend his complaint after such a long period, and shortly after the same claim was rejected in his other action, strongly suggests a

8

desire to evade the authority of the Court. Fourth, plaintiff's motion to amend is at least partly borne of dilatory motive, insofar as the timing of his filings indicates a deliberate attempt to wait until his other action had been disposed of before seeking a second bite at the apple.

Finally, and perhaps most critically, plaintiff has shown a distinct disregard for curing the defects of his amended complaint. This Court has informed plaintiff several times, and in several different forms, that the attack he lodges in his amended complaint is correctly understood as a petition for habeas corpus pursuant to federal statutory law and jurisprudence. He has long been on notice that he may not simply rename his various actions and continue to file them under multiple case numbers as a means of evading procedural requirements or subverting the orders of the Court. If he desires to continue pursuing a judicial declaration that he is entitled to mandatory supervised release, he must do so through the Fifth Circuit, or through his motion for relief from judgment in his other action.

Accordingly, it is respectfully recommended that plaintiff's motion to amend his complaint be denied.

**B.     Plaintiff's Civil Action Against The Board Should Be Dismissed For Want Of Prosecution.**

An action may be dismissed if the plaintiff fails to prosecute it, or to comply with any court order. Fed. R. Civ. P. 41(b); see also Martinez v. Johnson, 104 F.3d

769, 772 (5th Cir. 1997) (holding district courts have the power to sua sponte dismiss a cause of action for failure to prosecute). "'The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts.'" Martinez, 104 F.3d at 772 (quoting Link v. Wabash R.R., 370 U.S. 626, 630-31 (1962)).

On January 7, 2011, plaintiff was given twenty days to pay the $350.00 filing fee or show cause as to why his action should not be dismissed for want of prosecution. (D.E. 22). The fact that he filed his amended complaint shortly after receiving the order to show cause, and the fact that he allowed the deadline to pass without filing anything else, suggests that he believes his amendment is responsive to that order. (D.E. 22, 23, 24, 25). It is not. Plaintiff's instant amended complaint is clearly in substance a petition for habeas corpus relief. His first amended complaint was explicitly filed in order to change his action from a habeas petition to a civil lawsuit against the Board. (D.E. 10). In sum, then, plaintiff has failed to prosecute the action that was pending, i.e., his civil claim against the Board, and instead attempted to convert his action back into a habeas claim that has already been dismissed. He has not paid the $350.00 filing fee, nor made any attempt to show why his civil lawsuit against the Board should not be dismissed for want of prosecution.

Accordingly, it is respectfully recommended that plaintiff's civil action against the Board should be dismissed for failure to prosecute.

### III. RECOMMENDATION

Based on the foregoing reasons, it is respectfully recommended that plaintiff's motion to amend, (D.E. 23), be denied, and this action dismissed for want of prosecution.

Respectfully submitted this 2nd day of February 2011.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).